**NG FUN YIN, Plaintiff,**

v.

**P. A. ESPERDY, District Director of Immigration and Naturalization for the District of New York, Defendant.**

United States District Court
S. D. New York.
July 25, 1960.

52

Benjamin Gim, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern Dist. of New York, New York City, for defendant, Charles J. Hartenstine, Jr., Sp. Asst. U. S. Atty., New York City, of counsel.

CASHIN, District Judge.

·This is an action under Section 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009) and the Declaratory Judgment Act (28 U.S.C. § 2201) for a judgment declaring invalid a decision of the Attorney General denying plaintiff's petition for a non-quota immigrant status on behalf of his adopted son under the provisions of the Immigration and Nationality Act of 1952 (8 U.S.C.A. § 1329).

Plaintiff, contending that there are no material issues of fact in dispute, moves for summary judgment. Defendant agrees that there are no issues of fact but, in the affidavit submitted in opposition to the motion, contends that summary judgment should be granted in his favor. I agree with the parties that there is no substantial dispute of facts and, therefore, will dispose of the case on the merits.

Plaintiff is a United States citizen of Chinese extraction. Plaintiff, in 1921, married a Chinese citizen. Plaintiff subsequently emigrated to the United States in 1923. He subsequently returned to China on three separate occasions and resided there with his wife for approximately the following periods of time:

June 1928 to May 1933;
July 1934 to April 1935;
July 1947 to May 1949.

Plaintiff and his wife had no children. During plaintiff's last stay in China he and his wife adopted a son, Ng Doo Ging, and on his behalf the present suit is brought. The adoption, which took place in accordance with the laws of China, occurred in October 1948. Plaintiff remained in China, residing with his wife and their adopted child until May 1949, a period of some 8 or 9 months. Plain-

tiff's wife and their adopted child have continued to reside together. From the time of the adoption, until the present time, plaintiff has supported both his wife and his adopted son.

▉ Plaintiff's wife has been approved for admission to the United States as a non-quota immigrant. Plaintiff's adopted son was denied admission to the United States as a non-quota immigrant solely on the ground that he did not qualify as an adopted child under 8 U.S.C.A. § 1101(b) (1) (E). That section reads as follows:

"(b) As used in subchapters I and II of this chapter—

"(1) The term 'child' means an unmarried person under twenty-one years of age who is—* * *

"(E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years: *Provided,* That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter."

The only question for decision is whether the residence of the adopted child, for the two year period, must be with the citizen adopting parent or whether residence with the non-citizen adopting parent will suffice. The parties concede, and the Administrative Tribunal concurred, that the legislative history of the provision in question (which incidentally is a 1957 amendment) is of little aid to the interpretation of the statute. It is clear, however, that the amendment was intended to avoid the harsh results of breaking up bona fide family units. It is further clear that the two year residence requirement was intended by Congress as an assurance that the family unit would be bona fide. Not only is there a dearth of legislative history, but also of authority. No court has yet considered the amendment with reference to the question presented herein.

The administrative determination in the present case was based upon the authority of Matter of C—F—L— Interim Decision No. 996. In that case the alien adopting parent had, with the consent of her citizen spouse, adopted a child in China and had resided with the child thereafter for more than two years in China. Non-quota status was sought for both the alien wife and the alien adopted child. The District Director denied such status to the adopted child. The Board of Immigration Appeals reversed the District Director. The Attorney General thereupon reinstated the District Director's order for the following reasons:

"* * * I interpret the provisions of the law to require that the 2 year legal custody and residence of the adopted child be had with both the adoptive parents where 2 exist or with one when the family unit consists of only one adoptive parent. In other words, it is restoration of a bona fide family relationship which is the Congressional objective. Since the child in this case has not resided with his adoptive father, the petitioner herein, for the required 2 years, the petition must be denied."

▉ I must respectfully disagree with the conclusion of the Attorney General. In so disagreeing I do not at all reject the general principle relied upon by the Attorney General that the purpose of the amendment in question is to foster continued bona fide family relationships. Rather, I believe that general purpose can be implemented only by granting plaintiff's adopted son non-quota immigrant status. There is no doubt whatsoever that plaintiff and his wife have, for years, had a bona fide family relationship. There is also no doubt that plaintiff's wife and plaintiff's adopted child have had, for years, a bona fide family relationship. The only way in which these two relationships can be maintained is to allow all three of the individuals involved to maintain a single residence. This result cannot at all be achieved merely by allowing the wife to rejoin her husband.

If only that were done, the bond between mother and child would be broken. If the bond between the mother and child is sought to be maintained, the bond between the wife and husband must be broken. I cannot ascribe to Congress an intent to condone such an illogical result. A true family relationship can exist only if the family is a unit. Each member is an integral and essential part of that unit. To maintain that unity all of the individuals must reside together. Thus, I determine that the congressional intent is fully met in the instant case, and the plaintiff's son is entitled to non-quota immigrant status.

 Defendant argues that the administrative interpretation of the statute must be accepted by the court if such determination does not appear too far-fetched. National Labor Relations Board v. Hearst Publications, Inc., 1944, 322 U.S. 111, 130–132, 64 S.Ct. 851, 88 L.Ed. 1170. I will assume this principle applicable to the case at bar. However, the application of the principle does not impel me to conclude that the Attorney General's interpretation of the statute was correct. As I have shown above, the result of the Attorney General's interpretation would be diametrically opposed to what the Attorney General has held to be the purpose of the statute. Such a result is certainly "too farfetched" to be accepted by the court.

In fact, an opinion of the Attorney General, some five weeks before the decision of Matter of C—F—L, as I read it, stands for the result reached herein. In that case, Matter of M— Interim Decision No. 988, the petitioners were lawful permanent residents of the United States who were parents of an adopted daughter, for whom relief was sought under the same statute as considered herein. While the adopted child had resided with both parents for a long period of time, the legal adoption took place less than two years prior to the time that the petitioners emigrated to the United States, leaving behind them their adopted child. The Board of Immigration Appeals held the adopted child eligible for entry by construing the word "thereafter" in the statute to refer only to custody and not to residence. The Attorney General approved the order of the Board of Immigration Appeals, but on equivocal grounds. The vital portion of the Attorney General's opinion is as follows:

"The adopted child in this case has met the conditions. She has been in the legal custody of her parents since adoption was finalized in 1955, and when they departed from her in 1956 she had resided with them for considerably more than the required two-year period."

If, by the quoted sentences, the Attorney General meant to hold that residence with the adopting parents before legal adoption is sufficient he was, for the purpose of preserving family unity, doing violence to the clear words of the statute since the statute provides that residence must be after the adoption. With this interpretation I will not presently quarrel. I do, however, hold that the goal of the family unity is equally important in the instant case as in Matter of M—. If, by the quoted sentences, the Attorney General meant to affirm the ground upon which the Board of Immigration Appeals relied, namely, that "thereafter" in the statute refers only to legal custody and not to residence, the present action is literally within the statute.

Accordingly, the plaintiff's motion is granted and the Clerk is directed to enter judgment declaring—

(1) That the decision of the District Director and the Board of Immigration Appeals denying plaintiff's petition for a non-quota immigrant visa for his adopted son be declared null and void;

(2) That plaintiff's petition for a non-quota immigrant visa on behalf of his son be approved.