Godofredo C. PASCUAL and Jesusa Raquinio Pascual, Petitioners,

v.

John F. O'SHEA, District Director, Immigration and Naturalization Service, and the Chairman and Members, Board of Immigration Appeals, Respondents.

Benigno DELA CRUZ and Luciana Dela Cruz, Petitioners,

v.

John F. O'SHEA, District Director, Immigration and Naturalization Service, and the Chairman and Members, Board of Immigration Appeals, Respondents.

Civ. Nos. 76–0081, 76–0099.

United States District Court,
D. Hawaii.

Sept. 30, 1976.

B. Martin Luna, Wailuku, Maui, Hawaii, for plaintiffs.

Harold M. Fong, U.S. Atty., William J. Eggers III, Asst. U.S. Atty., Honolulu, Hawaii, for defendants.

## ORDER GRANTING PETITIONS

WONG, District Judge.

By separate petitions, Petitioners Pascual and Dela Cruz seek review by this court of the decisions of the Board of Immigration Appeals, Department of Justice (BIA). The petitions have been consolidated pursuant to Rule 42, F.R.Civ.P.

The facts in these two cases are not in dispute. Petitioners Pascual are husband and wife who adopted a child pursuant to Chapter 578, Hawaii Revised Statutes (H.R.S.). A Degree of Adoption was duly filed in the Family Court, Second Circuit (Island of Maui), in the State of Hawaii. Petitioners Dela Cruz are also husband and wife who adopted two children pursuant to the same Chapter 578, H.R.S. Decrees of Adoption were duly filed in the same Family Court. At the time the Family Court approved the adoptions, it was aware that all three children were residing in the Philippines and had never been in the State of Hawaii.

Subsequent to the adoption, Petitioner Jesusa Pascual filed with Respondent District Director, Immigration and Naturalization Service (INS), a petition to classify her adopted child as an "immediate relative" under 8 U.S.C. § 1151(b), in relation to 8 U.S.C. § 1101(b)(1)(E), so that the adopted child could emigrate into the United States. Petitioner Benigno Dela Cruz, subsequent to the adoption of the two children, filed with Respondent District Director, INS, separate petitions to classify the two children as "immediate relatives" under §§ 1151(b) and 1101(b)(1)(E) so that the adopted children could emigrate into the United States.

The three adopted children were each below the age of 14 years at the time of their adoption. Each of the petitioners who petitioned for classification of the adopted children as "immediate relatives" was a naturalized citizen of the United States at the time of filing said petitions.

Prior to the adoption, Petitioner Jesusa Pascual had resided with her adopted child for more than two years. Prior to the adoption of her two children, Petitioner Luciana Dela Cruz had resided with them for more than two years.

Respondent District Director denied all of the petitions to classify on the ground that the adoption decrees were invalid inasmuch as the Family Court did not have jurisdiction over the adopted children, who were residing in the Philippines at the time of the adoptions. The District Director's decisions were appealed to the BIA. The BIA affirmed the District Director's decisions and dismissed the appeals. It found the District Director's determination that the State court lacked jurisdiction to be correct. With respect to the Dela Cruz petition, the BIA added: "Moreover, there is no evidence

that there has been compliance with the two-year residence requirement of section 101(b)(1)(E), either prior to or subsequent to the alleged adoption."

■ This court has jurisdiction under 8 U.S.C. § 1329 (Immigration and Nationality Act, § 279), *Stokes v. U. S., Immigration and Nat. Serv.*, 393 F.Supp. 24 (S.D.N.Y. 1975), and under 5 U.S.C. §§ 702, 704 and 706, *Blackhawk Heat & Plumb. Co. v. Driver*, 140 U.S.App.D.C. 31, 433 F.2d 1137 (1970); *Reddy, Inc. v. U. S. Dept. of Labor*, 492 F.2d 538 (5th Cir. 1974).

■ The scope of inquiry and judicial review granted to the District Court by § 706 includes the power and authority to decide all relevant questions of law and to interpret the statutory provisions involved in the administrative decision. *Henault Mining Co. v. Tysk*, 271 F.Supp. 474 (D.Mont.1967), *rev'd on other grounds*, 419 F.2d 766 (9th Cir. 1969), *cert. denied*, 398 U.S. 950, 90 S.Ct. 1869, 26 L.Ed.2d 290 (1970).

The conclusion of the INS, affirmed by the BIA, that the State court lacked jurisdiction to grant the adoption is without merit. Under § 578–1, H.R.S., a husband and wife jointly may petition a judge of the family court of the circuit in which they reside *or* in which the child resides. Respondents do not contend that petitioners were not residents of Maui at the time they petitioned for and were granted the decrees of adoption. Instead they predicate their decisions on the fact that the adopted children "were not in the territorial jurisdiction of the Court issuing the decrees of adoption." (Decision of INS)

■ The state law plainly confers jurisdiction in the family court of the circuit in which *either* the petitioning adoptive parents or the adoptive child resides. The adoptions by petitioners were therefore valid under the state statute.

■ Even though a person may be validly adopted under state law, he still may not qualify for classification as an adopted "child" under 8 U.S.C. § 1101(b)(1)(E). *Nazareno v. Attorney General of the U. S.*, 168 U.S.App.D.C. 22, 512 F.2d 936 (1975). This section requires that a child be adopted while under the age of 14 years "if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years; . . ." The adopted children in this case were all adopted prior to their attaining the age of 14 years. All had been in the legal custody of the adopting parents for at least two years after their adoption and all had resided with their adoptive parents for at least two years prior to their adoption.

■ It would therefore appear that the requirements prescribed by § 1101(b)(1)(E) have all been met, perhaps with the exception of the residency requirement. It is clear from the statutory language that the two-year legal custody must be after adoption. The word "thereafter" facially refers also to the residency requirement. In the *Matter of M—*, Interim Decision No. 988, the BIA construed the word "thereafter" to refer only to custody and not to residence. The Attorney General approved the order of the BIA. *See Yin v. Esperdy*, 187 F.Supp. 51, 54 (S.D.N.Y.1960), where the court stated that if the Attorney General "meant to hold that residence with the adopting parents before legal adoption is sufficient he was, for the purpose of preserving family unity, doing violence to the clear words of the statute since the statute provides that residence must be after the adoption." In *Nazareno, supra*, at 938, however, the same section was construed by the court as follows: "In 1957, Congress amended the Act to include within the statutory definition of 'child' in section 101(b)(1)(E)—which meant an entitlement to entry without regard to quota—minors adopted under the age of 14 who thereafter resided with or were in the legal custody of their adopting parents for at least two years."

The BIA seems to have taken a consistent position that the statutory language permits residence prior to the adoption. Thus, in its order dismissing the appeal of Dela Cruz, it stated:

Moreover, there is no evidence that there has been compliance with the two-year residence requirement of section 101(b)(1)(E), *either prior to* or subsequent to the alleged adoption. (Emphasis added.)

Inasmuch as the undisputed facts show that all of the three adopted children had resided with their adoptive parents for at least two years, it will serve no useful purpose to remand for further hearing on this point.

This court having found the adoptions by petitioners to be valid under state law and that the requirements of 8 U.S.C. § 1101(b)(1)(E) have been fully met, the petitions are accordingly granted and the Clerk is directed to enter judgment reversing and vacating both decisions of the Respondents District Director and the Chairman and Members of the Board of Immigration Appeals denying petitioners' petitions submitted pursuant to 8 U.S.C. § 1151(b) and further directing Respondents District Director and the BIA to approve the petitions submitted to them to classify the adopted children as immediate relatives.

So ordered.