MATTER OF CABUCANA

In Visa Petition Proceedings

A-21267608

*Decided by Board May 20, 1977*

(1) The beneficiary, who was born in the Philippines in 1964, was adopted by petitioner in 1973 pursuant to a decree issued by a family court in the State of Hawaii. The District Director denied the visa petition to classify the child as an immediate relative under section 201(b) of the Immigration and Nationality Act on the ground that the adoption decree was not entitled to recognition because the beneficiary had never lived in Hawaii.

(2) A Hawaiian court has jurisdiction to grant adoption of a child residing outside Hawaii, and such decree will be recognized for immigration purposes. See *Pascual* v. *O'Shea*, 421 F. Supp. 80 (1976). *Matter of Dela Cruz*, Interim Decision 2470 (BIA 1976) overruled.

(3) Notwithstanding that the adoption decree is valid, there is no evidence in the record that beneficiary had resided with either the petitioner or her spouse for the two-year period required under section 101(b)(1)(E) of the Act. In the circumstances, the petition must be denied because the petitioner has failed to sustain that the beneficiary is her adopted child for purposes of the Act.

ON BEHALF OF PETITIONER: Walter S. Kirimitsu, Esquire
531 Avocado Street
Wahiawa, Hawaii 96786

BY: Milhollan, Chairman; Maniatis, and Appleman, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her adopted child under section 201(b) of the Immigration and Nationality Act. The District Director denied the petition on June 21, 1976, and the petitioner has appealed from that denial. The appeal will be dismissed.

Under section 201(b) of the Act a child of a United States citizen may qualify as an immediate relative and be admitted to the United States without regard to the numerical limitations of the Act. The term "child" is defined in the Act and, under section 101(b)(1)(E), includes a child adopted while under the age of 14 years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years.

The beneficiary was born in the Philippines on November 10, 1964. The petitioner, the beneficiary's paternal aunt, has submitted a decree

issued by a family court in Hawaii showing that the beneficiary was adopted by the petitioner and her husband in 1973.

The District Director denied the petition on the ground that the adoption decree is not entitled to recognition. He reasoned that, because the beneficiary has never been in Hawaii, the court lacked jurisdiction to issue the decree.

Subsequent to the District Director's decision, however, the United States District Court for the District of Hawaii rendered its decision in *Pascual v. O'Shea*, Civil No. 76–0081 (D. Hawaii, September 30, 1976), reversing an order of the Board dealing with the same issues which are before us now, namely, whether a Hawaii state court has jurisdiction to grant adoption of a child residing outside Hawaii and whether the adoption is entitled to recognition under the immigration laws. In *Pascual* the court held that the state court had jurisdiction to grant the adoptions and ordered that the visa petitions be approved. Accordingly, we hold that the adoption decree in the present case is entitled to recognition. The Board's decision in *Matter of Dela Cruz*, Interim Decision 2470 (BIA 1976), also reversed in *Pascual v. O'Shea*, is overruled.

Although it appears as though the legal custody requirement of section 101(b)(1)(E) has been satisfied, the record contains no evidence that the beneficiary has resided with either the petitioner or her spouse for the two-year period required by the Act. As a consequence, we conclude that the petitioner has failed to sustain her burden of establishing that the beneficiary is her adopted child for the purpose of the Act. See *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). The result reached by the District Director was correct and the appeal will be dismissed.[1]

**ORDER:** The appeal is dismissed.

---

[1] We note that the record contains evidence that the beneficiary may qualify for immediate relative status as an orphan under section 101(b)(L)(F) of the Act. Inquiries in this regard should be made to the Service.